IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **HERSCHEL GERALD BYRD,** | : | **PRISONER HABEAS CORPUS** |
| **GDC ID # 328776,** | : | **28 U.S.C. § 2254** |
|     **Petitioner,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **FREDERICK HEAD, Warden,** | : | |
| **et al.,** | : | **CIVIL ACTION NO.** |
|     **Respondents.** | : | **1:14-CV-3316-TWT-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Petitioner, Herschel Gerald Byrd, confined in the Riverbend Correctional Facility in Milledgeville, Georgia, challenges via 28 U.S.C. § 2254 his Fulton County convictions for voluntary manslaughter and possession of a firearm by a convicted felon. [Doc. 1 at 1.] On October 23, 2014, the undersigned filed an Order (1) notifying Petitioner that his action appeared to be untimely and unexhausted, and (2) allowing him to submit any information relevant to those issues. [Doc. 3 at 2-5.] Petitioner filed a response to that Order on November 26, 2014. [Doc. 4.]

The matter is now before the Court for a preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal of a habeas petition under Rule 4 is proper when the petition and the attached exhibits plainly reveal that

relief is not warranted. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) (stating that Rule 4 dismissal is appropriate when petition "appears legally insufficient on its face").

**I.     Discussion**

Petitioner states that he pleaded guilty and was convicted and sentenced on October 15, 2007. [Doc. 1 at 1.] Petitioner did not appeal. [*Id.* at 2.] Therefore, Petitioner's conviction became final on November 14, 2007, when the time to file a direct appeal expired. *See* Ga. Code Ann. § 5-6-38(a); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002). Petitioner did not seek state or federal habeas relief by November 14, 2008, the expiration date of the one-year statute of limitations applicable to § 2254 petitions, as provided by 28 U.S.C. § 2244(d)(1)(A).[1]

Petitioner argues that a State impediment prevented him from filing a timely § 2254 petition. [Doc. 4 at 8-11.] Under 28 U.S.C. § 2244(d)(1)(B), the one-year statute of limitations runs from the date on which a State impediment to filing Petitioner's federal habeas petition was removed. According to Petitioner, the State impediment was that he did not begin serving his sentence until May 7, 2010. [*Id.* at 8-

---

[1] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

2

9.] The date on which Petitioner's sentence began has no bearing on his ability to file a federal habeas petition. *Cruz c. Cameron*, Civil Action No. 09-cv-5666, 2011 WL 2474107, at *1 n.2 (E.D. Pa. June 21, 2011) ("Regardless of when [petitioner] began serving his sentence, the applicable start date for the one-year AEDPA limitations period is the date on which the state-court judgment became final, either by the conclusion of direct review or the expiration of the time for seeking such review."); *cf. Wallace v. United States*, 981 F. Supp. 2d 1160, 1162-63 (N.D. Ala. 2013) (limitations for filing post-federal conviction motion to vacate under 28 U.S.C. § 2255 begins to run when conviction becomes final, not date movant began serving his federal sentence, and citing cases). Therefore, Petitioner fails to show that § 2244(d)(1)(B) applies in this case.[2]

As to equitable tolling,[3] Petitioner states that he did not know about the one-year statute of limitations. [*Id.* at 9.] However, "*pro se* litigants are deemed to know of the one-year statute of limitations." *Perez v. Florida*, 519 Fed. Appx. 995, 997

---

[2] Petitioner does not claim that the circumstances set forth in 28 U.S.C. § 2244(d)(1)(C)-(D) apply.

[3] "Equitable tolling is appropriate when a [petitioner] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam).

(11th Cir. May 28, 2013) (per curiam) (quoting *Outler v. United States*, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007)) (internal quotation marks omitted). Petitioner also argues that he received ineffective assistance of counsel at his guilty plea and sentencing. [*Id.* at 13-22.] "Mere attorney negligence does not justify equitable tolling. . . . For a petitioner to be entitled to equitable tolling, there must be egregious attorney misconduct, such as proof of bad faith, dishonesty, divided loyalty, mental impairment or so forth on the lawyer's part." *Scott v. Duffy*, 372 Fed. Appx. 61, 63 (11th Cir. Apr. 5, 2010) (per curiam) (citations and internal quotation marks omitted). Petitioner fails to show that his ability to file a timely federal habeas petition was affected by his counsel's actions. Petitioner has not attempted to demonstrate actual innocence.[4] Therefore, the District Court should dismiss the § 2254 petition as untimely.

The § 2254 petition is also unexhausted. [*See* Doc. 3 at 4-5.] Petitioner states

---

[4]    "Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a petitioner's] failure timely to file" a habeas petition. *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327.

4

that the Georgia Supreme Court has not issued a decision on his application for a certificate of probable cause to appeal after more than one year. [Doc. 4 at 12-13.] That delay is insufficient to show the absence of available State corrective process or the existence of circumstances that render such process ineffective to protect Petitioner's rights. *See* 28 U.S.C. § 2254(b)(1)(B); *Jackson v. Walker*, 206 Fed. Appx. 967, 968-69 (11th Cir. Nov. 24, 2006) (per curiam) (affirming dismissal of habeas petition for lack of exhaustion despite state court's failure to issue ruling after more than two years). Accordingly, Petitioner fails to show that the exhaustion requirement should be waived.

## II.   Certificate of Appealability (COA)

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition

5

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

### III. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that: (1) the § 2254 petition, [Doc. 1], be **DISMISSED** pursuant to Rule 4 as untimely; and (2) a COA be **DENIED**.

AO 72A
(Rev.8/8
2)

The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the ___9th___ day of December, 2014.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)